IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:05-cr-336 |
| MAURICE PLUMMER, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Now pending before the Court is PETITIONER'S MOTION FOR RECONSIDERATION (*Document No. 189*) filed by Defendant Maurice Plummer. Plummer asks the Court to reconsider its Memorandum Order of December 7, 2011 (the "December 7 Order"), in which the Court determined that Plummer was not entitled to reduced sentence. The government has filed a response in opposition to the motion and it is ripe for disposition.

Discussion

It is well-established that a litigant must overcome a difficult burden to succeed in a motion for reconsideration. The purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

The December 7 Order thoroughly articulated "several reasons why the Court concludes that a sentence reduction is not warranted in this case." The Court explained that Plummer's

sentence of 144 months imprisonment was sufficient, but not greater than necessary, to comply with the § 3553(a) sentencing factors and that the retroactive amendment of the crack cocaine sentencing guidelines did not persuade the Court to reduce Plummer's sentence.

Plummer has not pointed to any change in controlling law, clear error of fact or law, or the availability of new evidence. Indeed, Plummer recognizes "that this Court was indeed lenient with him in imposing his sentence." At Plummer's initial sentencing proceeding, the Court exercised its discretion in applying the § 3553(a) sentencing facts to determine an appropriate sentence, and the December 7 Order thoroughly explained the Court's reasons for declining to re-sentence him. Plummer is certainly entitled to pursue a direct appeal of the December 7 Order to the Court of Appeals for the Third Circuit, but his present legal argument is not a proper basis for a motion for reconsideration.

Accordingly, the PETITIONER'S MOTION FOR RECONSIDERATION (*Document No. 189*) is **DENIED**.

SO ORDERED this 6th day of January, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Margaret E. Picking, AUSA
Email: margaret.picking@usdoj.gov

R. Damien Schorr, Esquire
Email: damienschorr@comcast.net

Maurice Plummer
#08749-068
c/o FCI Fairton
P.O. Box 420
Fairton, NJ 08320
(via First Class Mail)